Battle, J.
 

 The indenture, upon the proper construction, of which this controversy depends, was manifestly framed upon the idea of a settlement of the wife’s estate before marriage, to her sole and separate use; the execution of it, by the husband, as a party, being intended to show that it was done with
 
 *80
 
 his approbation, and, therefore no fraud upon his marital rights. Upon that supposition, there were, very properly, no words of conveyance from the husband, because, had the marriage not been consummated, he would not have had any interest in the estate to be conveyed. But in fact, the parties were married at the time when the instrument was executed, and the husband had a legal interest in the wife’s land; but, that fact did not alter the manifest intention of the husband and wife, to convey her estate to a trustee, for her sole and separate use. The question is, can the deed, by any fair rules of interpretation, be construed to transfer the husband’s interest in the land to the trustee, and thus give effect to that intent, or, in failing to do so, must the purpose to- provide a seperate estate for the wife be, almost, if. not entirely defeated ? The intention of all the parties to the deed, being clear, beyond all doubt, upon its face, we have the highest authority for saying, that it ought, if possible, to be effectuated. In
 
 Smith
 
 v. Parkhurst, 3 Atk. Rep. 135, Lord Chief Justice Willes said, “Another maxim is, that such a construction should be made of the words of a deed, as is most agreeable to the intention of the grantor; the words are not the principal thing in a deed, but the intent ánd design of the grantor;
 
 ■we
 
 have no power, indeed, to alter the words or to insert words which are not in the deed, but we may and ought to construe the words in a manner the most agreeable h> the meaning of the grantor, and may reject any words that are merely insensible. Those maxims my Lords! are founded upon the greatest authority, Coke, Plowden and Lord Chief Justice Hale, and the la-w commends the
 
 astutia
 
 — the cunning of Judges in construing words in such a manner as shall best answer the intent; the art of construing words in such a manner as shall destroy the intent, may show the ingenuity of, but is very ill becoming a Judge.” In the case before us, the husband and wife are both named in the deed as parties thereto, and both executed it, and it was the intention of both, as expressly declared, that the wife’s land should be conveyed to the trustee. Under a mistaken supposition that the sole interest was in her,
 
 *81
 
 tlie granting words purport to be from her alone, but the law will allow them to operate on his interest, if it be possible to give them that effect; thus, in one instance out of many which might be cited, there was an instrument, which purported to be a release, grounded on a lease for a year, but there was not any- evidence of the lease, and the deed was in consideration of money, and of marriage theretofore had, &c., and Lord Haedwioke held that the deed might operate as a covenant to stand seized ;
 
 Brown
 
 v. Jones, 1 Atk. 190. In 2 Shep. Touch. 514, (see 31 Law Lib. 403,) it is said that,, “ the mere circumstance that the party intended to pass the-property in another manner, is not always decisive of the effect of an instrument. The rule
 
 eum quod
 
 ago,
 
 non valet ut
 
 ago,
 
 valeat quantum valere potest
 
 interferes with the
 
 mode
 
 and directs its force to the
 
 effect,
 
 and, therefore, it seems necessary to discard the intention as to the mode and resort to- the-general intention ; therefore,. whatever may be the words, the instrument will operate according to the effect which the-parties intended to give to it.” The learned author adds that “ this position necessarily admits of the exceptions which arise-from instruments requiring- particular circumstances to give-them operation.” These exceptions, however, do not apply to the present case, and we shall not give them any further-notice.
 

 In the instrument, now under consideration, the intended
 
 ■mode
 
 of its operation was to transfer the land to the- trustee-from the wife, because she was supposed to be solely seized of it, but to give it complete effect, the interest, which the-husband actually had in the land, must also be transferred to-the trustee. The instrument is a deed of bargain and sale, which, it is well known, operates by having an use first raised upon a valuable consideration, and then, by the statute-of uses transferring the possession to the use raised and declared in favor of the bargainee See 1 Saunders on Uses and Trusts, 49, 79, 80. In the present deed, the ten- dollars recited as paid to the wife, was, in legal effect paid also to the husband, so that a use was raised from him, and it was declared in fa
 
 *82
 
 vor of the bargainee, Barnes, by the wife for
 
 her
 
 husband, as expressly authorised by him in the same instrument. In this way, his interest in the land, was as effectually conveyed to the plaintiff, in this suit, as if it had been done directly and in express words: see
 
 Cobb
 
 v.
 
 Hines,
 
 Busb. Rep. 343.
 

 The cases of
 
 Kerns
 
 v.
 
 Peeler,
 
 4 Jones, 226 ;
 
 Gray
 
 v.
 
 Mathis, 7
 
 Jones, 502, and the other cases therein referred to, which are relied upon by the defendant’s counsel, are not at all opposed to this construction. In
 
 Kerns
 
 v. Peeler, the name of the wife was not inserted in the deed from her husband as a party to it, and she did not sign and seal it, until long after it had been delivered by the husband. In
 
 Gray
 
 v.
 
 Mathis,
 
 the name of the husband was not contained in the instrument executed by his wife, so that he was not a party to it, notwithstanding his having added his signature and seal to those of his wife. The same remark is applicable to the other cases referred to in those : but in the case now before us, the husband was named in the deed as a party, and executed it as a party, which makes an essential difference between it and the other cases. The judgment must be reversed, and a judgment must be entered upon the case agreed for the plaintiff.
 

 Per Curiam,
 

 Judgment reversed.